**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION AT COLUMBUS**

ACHAK BEN ANIYUNWIYA,

Petitioner, : Case No. 2:26-cv-913

\- vs - District Judge Douglas R. Cole
Magistrate Judge Michael R. Merz

WARDEN,
Belmont Correctional Institution,

:

Respondent.

# REPORT AND RECOMMENDATIONS

This habeas corpus case under 28 U.S.C. § 2254 was brought *pro se* by Petitioner Achak Ben Aniyunwiya to obtain relief from his conviction in the Muskingum County Court of Common Pleas (Petition, ECF No. 1). On the Court's Order, Respondent, represented by the Attorney General of Ohio, has filed the State Court Record (ECF No. 5) and a Return of Writ (ECF No. 6).

In the Order for Answer, the Court set a deadline for Petitioner's traverse/reply of twenty-one days after filing of the Return (Order, ECF No. 3). When the Return was filed, the Court reminded Petitioner of that deadline, which was October 19, 2026 (Notice, ECF No. 7). That deadline has passed and Petitioner has filed no traverse/reply, making the case ripe for decision on the papers already filed.

**Litigation History**

On May 22, 2025, the April Grand Jury Term of Muskingum County returned an indictment charging Petitioner with one count of failure to comply with an order or signal of a police officer, in violation of Ohio Revised Code § 2921.331(B)/2921.331(C)(4), along with a one year firearm specification and a specification for forfeiture of property, and one count of improperly handling firearms in a motor vehicle, in violation of Ohio Revised Code § 2923.16(B)/2923.16(I), along with a specification for forfeiture of property (Indictment State Court Record, ECF No. 5, Ex. 1). A trial jury found Petitioner guilty on both counts and the trial court sentenced him to thirty months imprisonment. *Id.* at Ex. 6.

Petitioner took no direct appeal nor has he filed a petition for post-conviction relief. He filed his Petition for Writ of Habeas Corpus in this Court on July 16, 2026, pleading the following grounds for relief:

> **Ground One:** Fruit of the poisonous tree.
>
> **Supporting Facts:** Trial court ruled that police officers who claimed a "felony fleeing" charge were incorrect and upon reviewing evidence to the contrary, they dismiss in the entirety, all claims of "felony fleeing" made by officers. The subsequent "firearm charge" and "failure to obey" a lawful order" stem from the "felony fleeing" charge. Also patrolman Stillwell testified under oath the reason for the stop was a license plate infraction, but he never charged the defendant with such.
>
> **Ground Two:** I.A.C. breakdown in communication; failure to submit the Prosecution's case to meaningful adversarial testing; failure to file appeal when instructed; failure to prove [sic] me with full motion of discovery and review it.
>
> **Supporting Facts:** Lawyer never spoke to me about my case, always ignored my questions. He never subpoenaed anyone or

> anything, never objected, did not review any evidence with me, did not share full discovery. Failed to file an appeal or notice of appeal in time prescribed by law which interrupted my access to appeal in time prescribed by law which interrupted my access to courts and presented any collateral attack/direct appeal and forfeited my state rights by violation of procedural rules. It became too late for me to file because I have no lawyer to file for me.
>
> **Ground Three:** Officer never charged me with any license plate infraction which was alleged reason for the stop - profiling.
>
> **Supporting Facts:** Officer either profiled me because of my race/ethnicity or because I looked in his direction when driving by because he testified the reason for the stop was a license plate violation. I do have a license plate and BMV records prove this. As well as the fact the officer never charged me with any ticket for a license plate or any other violation or offense. Proof of profiling, I would have been charged for the license plate which was stated on court record was the reason for the stop.

Petition, ECF No. 1.

## Analysis

Before coming to federal court with a constitutional claim in a criminal case, a petitioner must give the state courts an opportunity to correct any error. Failure to raise a constitutional issue at all on direct appeal is subject to the cause and prejudice standard of *Wainwright v. Sykes*, 433 U.S. 72 (1977). *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Mapes v. Coyle,* 171 F.3d 408, 413 (6th Cir. 1999); *Rust v. Zent,* 17 F.3d 155, 160 (6th Cir. 1994); *Leroy v. Marshall*, 757 F.2d 94, 97 (6th Cir.), *cert denied,* 474 U.S. 831 (1985). To exhaust a claim in state court, a prisoner must have argued the claim's factual and legal basis at each level of the state court system. *Whitman v. Gray,*

103 F.4th 1235, 1238 (6th Cir. 2024). Failure to present an issue to the state supreme court on discretionary review constitutes procedural default. "Even if the state court failed to reject a claim on a procedural ground, the petitioner is also in procedural default 'by failing to raise a claim in state court, and pursue that claim through the state's ordinary appellate procedures.'" *Thompson v. Bell*, 580 F.3d 423, 437 (6th Cir. 2009), citing *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006)(quoting *O'Sullivan v. Boerckel,* 526 U.S. 838, 846-7(1999)). In Ohio, "one complete round of the State's established appellate review process" means a defendant must timely and fairly present his on-the-record constitutional claim to the trial court, court of appeals and the Supreme Court of Ohio in direct review." *Caver v. Straub*, 349 F.3d at 346 (6th Cir. 2003) (quoting *Boerckel*, 526 U.S. at 845).

At this point in time, Petitioner has not argued his claims in any Ohio court. His time for filing an appeal of right has passed, but, as Respondent points out, the relevant Ohio court of appeals has the authority and might be willing to grant him a delayed appeal, especially if he can persuade them that he told his trial attorney to file an appeal and he failed to do so. Petitioner's First and Third Grounds for Relief would appear to be capable of being decided on an appropriately constructed appellate record.

Petitioner's Second Ground – ineffective assistance of trial counsel – depends on evidence outside the appellate record, but could still be raised in a petition for post-conviction relief under Ohio Revised Code § 2953.21. The statute of limitations for such a petition runs for a year after the appellate record is prepared.

**Conclusion**

Because Petitioner has not exhausted state court remedies which appear to be still available, the Magistrate Judge respectfully recommends the Petition be dismissed without prejudice for lack of exhaustion. This disposition would mean that Petitioner can return to federal court without persuading the Sixth Circuit to grant him permission to file a second or successive petition. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

November 4, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #